UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 67.180.235.236,<br><br>　　　　Defendant. | Case No. 21-cv-09209-EMC<br><br>**ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA**<br><br>Docket No. 7 |

Plaintiff Strike 3 Holdings owns the copyrights for several adult motion pictures. *See* Williamson Decl. ¶ 13. It alleges that someone — the Doe defendant here — who uses the IP address 67.180.235.236 infringed on those copyrights. *See* Compl. ¶ 4 (alleging that "Defendant did not infringe just one or two of Strike 3's motion pictures[;] [r]ather, Defendant has been recorded infringing 45 movies over an extended period of time"). Despite its own efforts, Strike 3 Holdings has not been able to identify the individual associated with that IP address. *See* Mot. at 10. Strike 3 Holdings now asks the Court to let it serve a subpoena on non-party Comcast, the Doe defendant's internet service provider, to learn the Doe defendant's identity. *See generally id.*

Because Strike 3 Holdings has demonstrated that good cause exists to allow it to serve a subpoena, the Court **GRANTS** the motion.

## I.　　DISCUSSION

1.　　A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice. *See* Fed. R. Civ. P. 26(d). Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" for early discovery. *See*, *e.g.*, *IO Grp., Inc. v. Does 1–65*, No. 10-4377 SC, 2010 WL 4055667, at *2

1  (N.D. Cal. Oct. 15, 2010); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–77

2  (N.D. Cal. 2002); *Tex. Guaranteed Student Loan Corp. v. Dhindsa*, No. 1:10-cv-00335-LJO-SKO,

3  2010 WL 2353520, at *2 (E.D. Cal. June 9, 2010); *Yokohama Tire Corp. v. Dealers Tire Supply,*

4  *Inc.*, 202 F.R.D. 612, 613–14 (D. Ariz. 2001) (collecting cases and standards).  "Good cause may

5  be found where the need for expedited discovery, in consideration of the administration of justice,

6  outweighs the prejudice to the responding party."  *Semitool*, 208 F.R.D. at 276.

7   2. In evaluating whether a plaintiff establishes good cause to learn the identity of a

8  Doe defendant through early discovery, courts examine whether the plaintiff: (1) identifies the

9  Doe defendant with sufficient specificity that the court can determine that the defendant is a real

10  person who can be sued in federal court, (2) recounts the steps taken to locate and identify the

11  defendant, (3) demonstrates that the action can withstand a motion to dismiss, and (4) shows that

12  the discovery is reasonably likely to lead to identifying information that will permit service of

13  process.  *See Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999)

14  (citations omitted). "'[W]here the identity of alleged defendants [is not] known prior to the filing

15  of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the

16  unknown defendants, unless it is clear that discovery would not uncover the identities, or that the

17  complaint would be dismissed on other grounds.'"  *Wakefield v. Thompson*, 177 F.3d 1160, 1163

18  (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

19   3. Strike 3 Holdings has made a sufficient showing under each of the four *seescandy*

20  factors listed above to establish good cause to permit it to engage in early discovery to identify the

21  Doe defendant by to serving a third-party subpoena on Comcast.

22   4. "[U]nder Rule 26(c), the Court may *sua sponte* grant a protective order for good

23  cause shown."  *McCoy v. Sw. Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002).  The Court

24  issues the limited protective order described below because the ISP subscriber may be an innocent

25  third party and the subject matter of the suit deals with sensitive and personal matters.

26   5. The Court issues a protective order to the limited extent that any information

27  regarding the Doe defendant released to Strike 3 Holding by the ISP will be treated as confidential

28  for a limited duration.  *See IO Grp., Inc. v. Does 1–19*, No. C 10-03851 SI, 2010 WL 5071605, at

United States District Court
Northern District of California

2

*2 (N.D. Cal. 2010). Specifically, Strike 3 Holdings must not publicly disclose that information until the Doe defendant has the opportunity to file a motion with this court to be allowed to proceed in this litigation anonymously and that motion is ruled on by the court. *See id.* If the Doe defendant fails to file a motion for leave to proceed anonymously within 30 days after his or her information is disclosed to Strike 3 Holdings's counsel, this limited protective order will expire. *See id.* Given the potential embarrassment associated with being publicly accused of having illegally downloaded adult motion pictures, if the Doe defendant includes identifying information within his or her request to proceed anonymously, the Court finds good cause to order the papers filed under seal until the Court has the opportunity to rule on the request. *See id.* at *3 (permitting party to file under seal a declaration with identifying information). If the Doe defendant includes identifying information with his or her request to proceed anonymously and the request is placed under seal, the Court will direct the Doe defendant to submit a copy of the under-seal request to Strike 3 Holdings and will ensure that Strike 3 Holdings has time to respond.

## II. CONCLUSION

The Court **GRANTS** Strike 3 Holdings's Ex Parte Motion for Expedited Discovery with respect to JOHN DOE subscriber assigned IP address 67.180.235.236 as follows.

1.   IT IS HEREBY ORDERED that Strike 3 Holding may immediately serve a Rule 45 subpoena on Comcast to obtain the Doe defendant's true name and addresses. The subpoena must have a copy of this order attached.

2.   IT IS FURTHER ORDERED that the ISP will have 30 days from the date of service upon them to serve the Doe defendant with a copy of the subpoena and a copy of this order. The ISP may serve the Doe defendant using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service.

3.   IT IS FURTHER ORDERED that the Doe defendant will have 30 days from the date of service upon him or her to file any motions contesting the subpoena (including a motion to quash or modify the subpoena) with the court that issued the subpoena. If that 30-day period lapses without the Doe defendant contesting the subpoena, the ISP will have 10 days to produce the information responsive to the subpoena to Strike 3 Holdings.

4.       IT IS FURTHER ORDERED that the subpoenaed entity must preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

5.       IT IS FURTHER ORDERED that the ISP that receives a subpoena pursuant to this order must confer with Strike 3 Holdings and may not assess any charge in advance of providing the information requested in the subpoena.  The ISP that receives a subpoena and elects to charge for the costs of production must provide a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed by the ISP.

6.       IT IS FURTHER ORDERED that Strike 3 Holdings must serve a copy of this order along with any subpoenas issued pursuant to this order to the necessary entities.

7.       IT IS FURTHER ORDERED that any information disclosed to Strike 3 Holdings in response to a Rule 45 subpoena may be used by Strike 3 Holdings solely for the purpose of protecting Strike 3 Holdings's rights as set forth in its complaint.

This order disposes of Docket No. 7.

**IT IS SO ORDERED**.

Dated: December 10, 2021

_____
EDWARD M. CHEN
United States District Judge